IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00102-BNB

LAWRENCE M. JIRON,

      Applicant,

v.

WARDEN BRIGHAM SLOAN, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
           CLERK

---

## ORDER OF DISMISSAL

---

Applicant Lawrence M. Jiron is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Jiron initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 18, 2009, Mr. Jiron filed an amended application. Mr. Jiron is challenging the validity of his conviction in Alamosa County District Court case number 01CR85.

In an order filed on March 12, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On April 21, 2009, Respondents filed their Pre-Answer Response. On May 11, 2009, Mr. Jiron filed a reply to the Pre-Answer Response along with two supplements to the reply.

On May 29, 2009, Mr. Jiron filed a document titled "Notice of Prejudice and Bias of Zita L. Weinshienk." Mr. Jiron asks in the "Notice of Prejudice and Bias of Zita L. Weinshienk" that this action be assigned to a different judge because the Court is prejudiced and biased against him. Mr. Jiron does not provide any factual support for his allegation that the Court is prejudiced and biased against him.

The Court will construe the "Notice of Prejudice and Bias of Zita L. Weinshienk" as a motion to recuse pursuant to 28 U.S.C. §§ 144 and 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs.*

2

*Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Jiron's conclusory allegation that the Court is prejudiced and biased against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). Therefore, the liberally construed motion to recuse will be denied.

The Court next will address the amended application and other papers filed by Mr. Jiron. The Court must construe Mr. Jiron's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Following a jury trial, Mr. Jiron was convicted of four counts of offering a false instrument for recording. He was sentenced to three years in prison on each count, with each term to be served consecutively, for a total term of imprisonment of twelve years. The judgment of conviction was affirmed on direct appeal. *See People v. Jiron*, No. 03CA0100 (Colo. Ct. App. Dec. 8, 2005). On September 4, 2007, the Colorado Supreme Court denied Mr. Jiron's motion to file a petition for writ of certiorari

out of time in connection with his direct appeal. Mr. Jiron also has filed numerous postconviction motions in the trial court challenging the validity of his conviction. The Court received the instant action for filing on January 7, 2009.

Mr. Jiron asserts three claims for relief in the amended habeas corpus application. He first claims that the trial court lacked jurisdiction in his criminal case because his status as a sovereign makes him immune from statutory law. Mr. Jiron asserts his second claim as a copyright violation. He alleges in support of his second claim that the Alamosa County District Court had no authority to use his name. Mr. Jiron's third claim, which is entitled false imprisonment, is simply a restatement of the first claim because Mr. Jiron asserts again that his status as a sovereign makes him immune from statutory law. Mr. Jiron invokes the United States Constitution in connection with each of the three claims he asserts in the amended application. Therefore, the Court will assume that the claims Mr. Jiron is asserting are federal constitutional claims.

Respondents argue in their Pre-Answer Response both that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and that Mr. Jiron's claims were not presented fairly to the state courts and now are procedurally barred. The Court will not address the timeliness argument because the Court finds that the case can be resolved more easily by focusing on the procedural bar argument.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State***

4

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

 Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Fair presentation does not require a habeas corpus

petitioner to cite "book and verse on the federal constitution."  *Picard*, 404 U.S. at 278

(internal quotation marks omitted).  However, "[i]t is not enough that all the facts

necessary to support the federal claim were before the state courts."  *Anderson v.*

*Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal

constitutional claim in the state court proceedings in order to be exhausted.  *See*

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

 Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has presented his

claims fairly to the state appellate courts and exhausted all available state remedies.

*See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

 Respondents first assert that Mr. Jiron did not raise any of his claims on direct

appeal.  Mr. Jiron does not argue that the claims he is raising in this action actually

were raised in his direct appeal. Nevertheless, the Court has examined Mr. Jiron's briefs on direct appeal, which are attached to Respondents' Pre-Answer Response, and agrees with Respondents that the claims Mr. Jiron is raising in this action were not raised on direct appeal.

Respondents next argue that, even assuming Mr. Jiron raised his federal constitutional claims in one or more of his state court postconviction motions, the claims were not presented fairly to the state appellate courts because Mr. Jiron did not appeal from any of the trial court orders denying his postconviction motions. Respondents have provided the Court with a copy of the register of actions for Alamosa County District Court case number 01CR85, which supports their argument that Mr. Jiron did not appeal from any of the trial court orders denying his postconviction motions. In his reply to the Pre-Answer Response, Mr. Jiron asserts that the register of actions is incorrect and that his claims are exhausted because he filed a number of appeals to both the Colorado Court of Appeals and the Colorado Supreme Court. Mr. Jiron also argues that he filed original proceedings in the Colorado Supreme Court challenging the validity of his conviction.

As noted above, it is Mr Jiron's burden to show that he has exhausted all available state remedies. *See id.* The Court finds that Mr. Jiron fails to satisfy this burden because he has not submitted copies of any appellate court briefs or orders to support his argument that he filed a number of appeals to both the Colorado Court of Appeals and the Colorado Supreme Court or to demonstrate what claims he raised in the state appellate courts. A blanket statement that state remedies have been exhausted, without any specifics as to how state remedies have been exhausted, is not

6

sufficient to satisfy the burden of demonstrating that state remedies have been exhausted. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate that state remedies are exhausted).

The Court also finds that the original proceedings Mr. Jiron filed in the Colorado Supreme Court do not satisfy the fair presentation requirement. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).

The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21. Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Therefore, because Mr. Jiron fails to demonstrate that the Colorado Supreme Court addressed the merits of the claims he raised in his petitions for an extraordinary writ, the Court concludes that Mr. Jiron's claims in this action were not presented fairly to the state appellate courts.

7

Although Mr. Jiron failed to exhaust state remedies, the Court may not dismiss this action for failure to exhaust state remedies if Mr. Jiron no longer has an adequate and effective state remedy available to him. **See *Castille***, 489 U.S. at 351. Mr. Jiron no longer has an adequate and effective state remedy available to him because the time for filing an appeal from the denial of his state court postconviction motions has passed. **See** Colo. App. R. 4(b) (providing forty-five days to appeal file an appeal). Furthermore, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Jiron allegedly raised in his state court postconviction motions but failed to exhaust. **See** Colo. R. Crim. P. 35(c)(3)(VI). Therefore, the Court finds that Mr. Jiron's claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." ***Jackson v. Shanks***, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. **See *Coleman v. Thompson***, 501 U.S. 722, 730 (1991). Mr. Jiron's ***pro se*** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See *Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Jiron fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of

justice.  Therefore, the Court finds that Mr. Jiron's claims are procedurally barred and

must be dismissed.  Accordingly, it is

ORDERED that the "Notice of Prejudice and Bias of Zita L. Weinshienk" filed on

May 29, 2009, which the Court has construed liberally as a motion to recuse, is denied.

It is

FURTHER ORDERED that the habeas corpus application and the amended

application are denied and the action is dismissed because the claims are procedurally

barred.

DATED at Denver, Colorado, this 23 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-00102-BNB

Lawrence M. Jiron
Prisoner No. 116040
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
                          Deputy Clerk